FILED

JUN 15 2009

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

STEPHANIE MOORE, by Stephen Moore )
and Sharon Moore her legal guardians )
)
Plaintiff )
)       Civil Action No.       **09 C 50 1 34**
vs. )
)
WALGREEN CO., an Illinois Corporation )       Judge: Fredrick Kapala
)
Defendant. )       Magistrate Judge: Michael P. Mahoney

## COMPLAINT

The Plaintiff, STEPHANIE MOORE ("Stephanie") by her guardians (Guardians) file this complaint, by her Attorney, Nathan J. Noble, against the Defendant, WALGREEN CO. ("WALGREEN"), and states the following:

## COUNT I

Plaintiff Alleges That Defendant Violated the Americans with Disability Act, 42 USC § 12112 (a) and alleges the following facts which are relevant at all times herein:

1.  This Court has original jurisdiction over this action pursuant to 28 U.S.C. §1331 because the case involves a federal question brought under the Americans with Disabilities Act.

2.  On November 24, 1992 Stephen Moore and Sharon Moore were appointed as guardians of the person and the estate of Stephanie Moore, a disabled person on the order of Judge Alfred R. Penniman, and letters of office were issued on said

date.

3. On October 2, 2006 Stephanie, a disabled person, was hired by the Defendant at their Walgreen drugstore operation in Effingham, Illinois as a store clerk through the Association of Retarded Citizens.

    a. Stephanie's employment required her to undergo random drug tests

    b. At all relevant times Stephanie had the requisite skill, experience, education and job qualifications of the job for which Defendant hired her for and was capable of performing the essential job functions of her employment.

    c. Stephanie's job coach was Natalie Bailey.

    d. On or about September 13, 2007 Stephanie was asked to undergo a random drug test with which she complied and was taken to the facility for such purpose by her job coach.

    e. At the facility Stephanie provided a urine sample.

4. On or about September 18, 2007 the Defendant reported Stephanie had failed the drug test.

    a. No drugs were found; only a low acidic factor was allegedly documented.

    b. Defendant alleged the low acidic factor was the result of Stephanie adulterating her urine.

    c. On or about September 24, 2007 Stephanie was discharged by reason of the alleged adulteration of her urine.

    d. Stephanie was placed on "layoff status" by the local manager of the drugstore and then on Defendant's instructions was terminated.

2

5. Stephanie's doctors provided medical opinions that the low acid content was caused by her physical disability and a blood test would be the only way she could be properly tested.

6. Defendant refused to give Stephanie a blood test and thus refused to accommodate Stephanie's physical disability resulting from her medical condition.

7. On or about December 19, 2007 Stephanie filed a timely "Charge of Discrimination" with the Illinois Department of Human Rights [charge number 2008SF1617]; and at the same time filed a similar charge with the Equal Employment Opportunity Commission (EEOC), EEOC Number 21BA80686.

8. Several extensions were requested by Human Rights in accordance with the provisions of the Human Rights Act which were agreed to by both Stephanie and the respondent, Walgreen Drugstore.

9. Neither Stephanie nor her guardians were ever advised they could or should obtain legal counsel.

10. Human Rights did not provide Stephanie with a hearing only a "fact-finding" session in Charleston, Illinois:

   a. Stephanie with her guardians attended the fact-finding session in Charleston, Illinois. .

   b. The testimony or statements of the parties at the fact-finding session were not under oath, and there was no transcribed record made of the session.

   c. Neither Stephanie nor her guardians were provided any notes taken At

3

the session.

11. On or about February 27, 2009 the Department of Human Rights served a "Notice of Dismissal for Lack of Substantial Evidence" to the Guardian, Stephen M. Moore. Attached was attached a document entitled "investigative report."

12. The "Notice of Dismissal" provided a filing deadline of April 3, 2009 to request a review with Human Rights and EEOC. (A copy is attached as exhibit A)

13. In behalf of Stephanie and the guardians, a timely request was filed with the EEOC for a Right to Sue letter.

14. On or about March 20, 2009 the requested Right to Sue letter dated March 19, 2009 was received by attorney Bernard P. Reese by certified mail at 979 N. Main St., Rockford, IL 61103. (A copy is attached as exhibit B)

15. Records of the Illinois Department of Human Rights "Charge Number 20088F167" were obtained after March 17, 2009 which contained documents involving Stephanie showing the following:

   a. Stephanie, prior to her employment with Defendant at Walgreen's in Effingham, Illinois, had been employed by Walgreen's in their facility at Rockford, Illinois

   b. When employed at the Rockford facility the Defendant knew that Stephanie had both a physical and mental disability.

   c. Stephanie's employment at the Rockford facility was terminated in 2004.

   d. A random drug test by urine analysis had been administered to Stephanie while employed at the Rockford facility, which test showed a low acid count, but such result was not reported to Stephanie.

16. Defendant did not offer to accommodate Stephanie's disability with reference to that alleged failed test.

17. Subsequent to her termination in Rockford in 2004, Stephanie again applied for employment at Walgreen in Rockford sometime in 2005 and at that time was again given a "drug test."

   a. That drug test again was by urine analysis which the Defendant allegedly found to be of a low acid content.

   b. The Defendant allegedly interpreted that drug test as one in which Stephanie had "adulterated" the urine, but did not report back to Stephanie.

   c. Stephanie was denied re-employment at the Rockford facility at that time.

   d. Defendant did not communicate to Stephanie at that time any reason why she was not offered employment.

18. Sometime after March in 2009, Stephanie was told the records received in March of 2009 that her employment status in Rockford at Walgreen in 2004 had been terminated by reason of an alleged "failed drug test," and that her effort to obtain reemployment in Rockford in 2005 was denied because of an alleged "failed drug test," which Plaintiff alleges that Defendant deliberately concealed those results.

19. Plaintiff alleges that Stephanie was terminated both in Effingham and Rockford, and was refused rehiring in Rockford not because of any alleged "failed drug test," but rather for the hidden and deliberate dismissal of Stephanie because of her physical and mental disability.

5

20. Plaintiffs discovery that Defendant's actions of terminating Stephanie's employment at Walgreen's in Effingham, Illinois and Rockford, Illinois, and refusing to rehire her in Rockford, Illinois on the representation she adulterated her urine have caused her severe and continued emotional distress.

21. Defendant's policies, allegedly used in terminating Stephanie in both Rockford and Effingham and refusing to rehire her in Rockford constituted either a deliberate or negligent discrimination against Stephanie because of her physical and mental disability.

22. In so doing, Defendant deliberately or negligently failed to provide Stephanie with an equal opportunity with others of the same disability, in one or more of the following respects:

   a. Failed to provide Stephanie with an alternative accommodation because of her disability, which would not have been unduly burdensome to the Defendant.

   b. Did not provide Stephanie with the same application of their policy as were provided others who are not disabled.

23. The Defendant additionally violated the rights of the Plaintiff as a disabled person in one or more of the following respects:

   a. Defendant failed to properly evaluate the Plaintiff's mental impairment and resulting functional limitations.

   b. Although the Defendant referenced the opinion of Plaintiff's treating physician, Defendant failed to provide any reasons for Defendant's cavalier rejection of Plaintiff's medical evidence.

6

c. Defendant failed to provide any rational reasons whatsoever for its arrogant rejection of Plaintiff's treating physician's opinion which directly conflicted with the finding of Dr. Ausman.

d. Defendant failed to properly evaluate the Plaintiff's subjective complaints.

e. Defendant failed to address whatsoever the specific mental and physical demands made on the Plaintiff in the course of her work that would affect her physical condition resulting from her disability.

f. Defendant permitted a mischaracterization or misstatement of truth at the fact-finding session.

24. The Defendant's action in discharging Stephanie because of her disability both at the Rockford facility and at the Effingham facility, or failing to rehire Stephanie at the Rockford facility constituted a clear violation of the provisions of the Americans with Disabilities Act, 42 USC § 12111 et seq. by reason of which Stephanie was deprived of an income, a job providing her with dignity, and inflicting severe and continuing emotional trauma from which she has suffered, all to her damage.

Wherefore Plaintiff prays judgment against the Defendant for damages as shown by the evidence, punitive damages and attorney's fees, and reinstatement in her employment.

7

## COUNT II

Plaintiffs allege that Defendant willfully and contumaciously violated the provisions of the Americans with Disabilities Act, 42 USC § 12111 et seq.

1-23 Plaintiff incorporates paragraphs 1 through 23 of count I as paragraphs 1 through 23 of this Count II, as fully and completely as those set forth herein.

24. The Defendant's action in willfully discharging Stephanie because of her disability both at the Rockford facility and at the Effingham facility, or failing to hire Stephanie at the Rockford facility constituted a clear violation of the provisions of the Americans with Disabilities Act, 42 USC § 12111 et seq. by reason of which Stephanie was deprived of an income, a job providing her with dignity, and inflicting severe emotional trauma from which she has suffered, all to her damage.

Wherefore Plaintiff prays judgment against the Defendant for damages as shown by the evidence, punitive damages and attorney's fees, and reinstatement in her employment.

## COUNT III

Plaintiffs allege that Defendants' were negligent in inflicting severe emotional distress to Stephanie and say:

1-23. Plaintiff incorporates paragraphs 1 through 23 of count I as paragraphs 1 through 23 of this Count II, as fully and completely as those set forth herein.

24. The Defendant knew that the Plaintiff was physically and mentally disabled and knew or should have known with the exercise of reasonable diligence that

8

because of her disability Stephanie was extremely emotionally vulnerable.

25. Knowing that Plaintiff was disabled and emotionally vulnerable, Defendant did not take due care in terminating her employment, and was grossly negligent in failing to properly inform her of the reasons for her termination and accommodate her disability by providing her appropriate other tests that could determine the use of drugs.

26. As a result of Defendant's negligent conduct, the Plaintiff did, in fact, suffer and continues to suffer severe emotional distress.

Wherefore, the Plaintiff, STEPHANIE MOORE, requests that this Court enter judgment in her favor and against the Defendant and to award him damages in excess of $75,000, and such additional amounts that the Court deems just and proper.

## COUNT IV

1-23. Plaintiff Alleges That Defendant violated the provisions of the 5th and 14th amendment of the United States Constitution is alleged herein and says: Plaintiff incorporates paragraphs 1 through 23 of Count I as paragraphs 1 through 23 of this Count IV, as fully and completely as though set forth herein.

24. Defendant violated the Plaintiff's right to substantive and procedural due process under the provisions of the 5th and 14th amendment to the United States Constitution in one or more of the following respects:

    a.    Improperly administered, or read, the "random drug test."

    b.    Defendant failed and refused to accommodate Stephanie in providing her with a proper drug test.

9

c.    Stephanie was deliberately deprived of an appropriate hearing thus preventing her from presenting evidence.

d.    Stephanie was deprived of the assistance of counsel while Defendant was represented by legal counsel and Defendant knew that Plaintiff required legal assistance particularly because of her physical and mental disability.

e.    The Plaintiff was not afforded copies of the Defendant's documents prior to the fact-finding conference.

f.    That Defendant by its legal counsel engaged in ex-parte communication and correspondence directly and by e-mail with the individual with Human Rights who was to make the decision, and Dr. Ausman who was to evaluate the results of the test and give an opinion.

g.    That Plaintiffs physician was denied intelligent access to Dr. Ausman and was repeatedly denied the opportunity to speak with Dr. Ausman.

h.    The alleged "fact-finding" session was not under oath, and there was no transcript taken at the hearing,

25. That as the result of one or more of the foregoing Plaintiff has been damaged by loss of her job as a disabled person, loss of income, suffered and continues to suffer severe emotional distress, and was deliberately mistreated as a disabled person all to her damage.

26. This Court has jurisdiction over this claim under the provisions of 28 USC § 1331. Wherefore Plaintiff prays judgment against the Defendant for damages in an

10

amount shown by the evidence, for punitive damages, attorneys fees, and such other damages as may seem to the Court just and proper.

## COUNT V

Plaintiff alleges that Defendant violated the provisions of the "equal protection clause" of the 14th amendment of the United States Constitution and says:

1-23. Plaintiff incorporates paragraphs 1 through 23 of Count I as paragraphs 1 through 23 of this Count V, as fully and completely as those set forth herein.

24. That Defendant violated the provisions of equal protection to which Plaintiff is entitled under the provisions of the 14th amendment to the United States Constitution in one or more of the following respects:

    a.    Stephanie was not afforded the same protection and proceedings that another disabled person in her physical and mental condition, or even one without such disability, would be afforded or is entitled to.

    b.    Defendant's legal counsel did not provide Stephanie during the course of the Human Rights proceedings the information Defendant had the legal responsibility to provide, particularly which Defendant would have been required to furnish had Plaintiff had legal counsel .

    c.    Defendant had medical opinions from its medical agent which Defendant did not make available to Plaintiff as was required, or would have been certainly required had Plaintiff had legal counsel.

    d.    Policy provisions of the Defendant were not equally employed with Stephanie as with others.

11

e.     Copies of the policy provisions of the Defendant were never made

available to the Plaintiff or explained to the Plaintiff or her guardians.

Wherefore Plaintiffs prays judgment against the Defendant for such damages as

will be shown by the evidence together with punitive damages, and attorney's fees and

costs of this action.

## COUNT VI

Plaintiff alleges and that Defendant violated the provisions of the 4th amendment

of the United States Constitution as alleged herein and says:

1-23.  Plaintiff incorporates paragraphs 1 through 23 of Count I as paragraphs 1

through 23 of this Count VI, as fully and completely as though set forth herein.

24.  That Plaintiff was deprived of her rights under the provisions of the Fourth

Amendment to the United States Constitution in one or more of the following

respects:

a-h.     The allegations of Count IV paragraphs 24 (a-h) are set forth under

this paragraph 24 (a-h) as fully as set forth herein.

i.     Stephanie was deprived of her right of employment by the unlawful

and deceptive activity of the Defendant as described in this complaint and

as the evidence will show.

j.     That Defendant deliberately interfered with Plaintiff's contractual

rights of employment with the Defendant and deprived her of those rights.

k.     That Defendant under the guise of an employer violated her

personal right to privacy in her personal affairs when Defendant knew or

12

should have known that it was a deliberate invasion of those rights.

l.      That Defendant by its conduct adversely affected the reputation of the Plaintiff and her source of income and created an inability or significant hardship in light of her mental and physical disability of her right to obtain further employment in the future.

Wherefore Plaintiff prays for judgment against the Defendant for damages as shown by the evidence, punitive damages and attorney's fees, and such other damages as the court may seem appropriate under the circumstances.

### PLAINTIFF DEMANDS A JURY ON ALL COUNTS.

Respectfully submitted,

*Stephanie A. Moore*

*Stephen Moore*

*Sharon L. Moore*

STEPHANIE MOORE, Plaintiff through her
Guardians Stephen Moore and Sharon Moore.

By: _____

Nathan J. Noble, Attorney for Plaintiff

Attorney Nathan J. Noble
Nathan J. Noble, P.C.
215 South State Street
Belvidere, IL 61008
815-544-3117
815-544-9700 (fax)
ARDC #6290348

14



STATE OF ILLINOIS
DEPARTMENT OF HUMAN RIGHTS

IN THE MATTER OF:                                    )
                                                     )
STEPHANIE MOORE                                      )        CHARGE NO.  2008SF1617
by  STEPHEN M. MOORE, legal guardian,                )        EEOC NO.    21BA80686
                                                     )
            COMPLAINANT,                             )
                                                     )
AND                                                  )
                                                     )
WALGREEN COMPANY,                                    )
                                                     )
            RESPONDENT.                              )


### NOTICE OF DISMISSAL
### FOR LACK OF SUBSTANTIAL EVIDENCE

Mr. Stephen M. Moore                    Mr. Christopher J. Murray, Esq.
15919 North Hillcrest Drive             Senior Attorney, Employee Relations
Effingham, IL 62401                     Walgreen Company, Corporate Offices
                                        102 Wilmot Road, 5th floor, MS-1259
                                        Deerfield, IL 60015

DATE:  February 27, 2009

REQUEST FOR REVIEW FILING DEADLINE DATE:  April 3, 2009

1.      YOU ARE HEREBY NOTIFIED that based upon the enclosed investigation report, the
DEPARTMENT OF HUMAN RIGHTS (DHR) has determined that there is NOT substantial
evidence to support the allegations of the charge(s). Accordingly, pursuant to Section 7A-
102(D) of the Human Rights Act (775 ILCS 5/1-101 et. seq.) and its Rules and Regulations (56
Ill. Adm. Code. Chapter II, Section 2520.560), the charge is HEREBY DISMISSED.

2.      If Complainant disagrees with this action, Complainant may seek review of this dismissal
before the CHIEF LEGAL COUNSEL (CLC), Illinois Department of Human Rights, 100 West
Randolph Street, Suite 10-100, Chicago, Illinois, 60601, by filing a "Request for Review" with
the CLC within thirty (30) days after receipt of this Notice, by the request for review filing date
above. Respondent will be notified by the CLC if a Request for Review is filed.

(continued on page two)

½

NOTICE OF DISMISSAL FOR LACK OF SUBSTANTIAL EVIDENCE
February 27, 2009
Page Two

3.     If an EEOC charge number is cited above, this charge was also filed with the Equal
Employment Opportunity Commission (EEOC).  If this charge alleges a violation under Title VII
of the Civil Rights Act of 1964, as amended, or the Age Discrimination in Employment Act of
1967, Complainant has the right to request EEOC to perform a Substantial Weight Review of
this dismissal.  (Charges filed under the Americans with Disabilities Act of 1990 are
automatically given this review.)  Please note that in order to receive such a review, it must be
requested in writing to EEOC within fifteen (15) days of the receipt of this notice, or if a request
for review is filed with the Chief Legal Counsel, within fifteen days of the Chief Legal Counsel's
final order.  Any request filed prior to your receipt of a final notice WILL NOT BE HONORED.
Send your request for a Substantial Weight Review to EEOC, 500 West Madison Street, Suite
2000, Chicago, Illinois  60661.  Otherwise, EEOC will generally adopt the Department of
Human Rights' action in this case.

PLEASE NOTE:  BUILDING SECURITY PROCEDURES PRESENTLY IN PLACE DO NOT
PERMIT ACCESS TO EEOC WITHOUT AN APPOINTMENT.  IF AN APPPOINTMENT IS
REQUIRED, CALL 312-353-2713 OR 1-800-669-4000.

DEPARTMENT OF HUMAN RIGHTS

March 1, 09

NOD/LSE
12/01

2/2

EXHIBIT
B

EEOC Form 161-B (3/98)

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

To: Stephanie A. Moore
504 Henrietta #4b
Effingham, IL 62401

From: **Chicago District Office**
**500 West Madison St**
**Suite 2000**
**Chicago, IL 60661**

CERTIFIED MAIL 7000 0600 0022 1008 9854

☐ On behalf of person(s) aggrieved whose identity is
*CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 21B-2008-00686 | **Armernola P. Smith,**<br>**State & Local Coordinator** | **(312) 886-5973** |

*(See also the additional information enclosed with this form.)*

NOTICE TO THE PERSON AGGRIEVED:

**Title VII of the Civil Rights Act of 1964 and/or the Americans with Disabilities Act (ADA):** This is your Notice of Right to Sue, issued under Title VII and/or the ADA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII or the ADA **must be filed in a federal or state court WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

[X] More than 180 days have passed since the filing of this charge.

☐ Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X] The EEOC is terminating its processing of this charge.

☐ The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

☐ The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

☐ The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*John P. Rowe*                                     03/19/2009 *mjk*

Enclosures(s)

**John P. Rowe,**
**District Director**

*(Date Mailed)*

cc:     **WALGREEN DRUG STORE**
**1200 W Fayette Ave**
**Effingham, IL 62401**